JAMES R. SWEENY, Appellant-Respondent, v. HAROLD J. STOUT, Respondent, and WILLIAM HAMILTON, as President of Beta Delta Chapter of Beta Theta Pi, Appellant.— GIBSON, P. J.   Plaintiff, then 21 years of age, a student at Cornell University and a member of the college fraternity from which he seeks recovery, was injured while attending a party sponsored by the fraternity and held at the fraternity house, when the costume which he was wearing became ignited and he sustained severe burns.  The defendant Stout was a chaperone at the party and the complaint charges that he was "negligent in that he did negligently light a match and hold it in the proximity of the clothing of the plaintiff causing the said clothing to ignite".  We perceive no ground for disturbing the jury's verdict of no cause of action as against defendant Stout; and plaintiff's brief upon this appeal advances none.  The jury's finding has the further result, in practical effect, of disposing of the second cause of action of the complaint adversely to plaintiff; that cause of action charging that the fraternity "was negligent in that the said Harold J. Stout, its agent, while acting as chaperone, did negligently cause the plaintiff's clothing to be set on fire."  The remaining cause of action alleges that the fraternity "was charged with the duty of supervision, care, custody and control of the persons attending said social function" and that the fraternity was negligent in, among other things, engaging "incompetent" and "irresponsible" chaperones and failing "to provide a safe and properly controlled social event".  The record discloses no evidence that the fraternity breached any duty which it owed to plaintiff, who was a social guest and whose status was, therefore, that of a mere licensee, as is conceded.  Even if we were to assume *arguendo* that plaintiff's pleaded theory of liability, as above quoted, could be applied within the strictly delineated ambit of the familiar rule respecting the duty owed licensees, again the record would have to be found legally insufficient.  As appears in part from the record

and in part from the jury's determination, the chaperonage was not inadequate; additionally, an off-duty campus policeman was stationed within the house, although his presence was not required by any rule; the party was orderly; and this unfortunate incident, the instantaneous result of a prank or of pure accident, was not one which was reasonably to be foreseen or prevented. However, if such an accident was reasonably to be anticipated, it would seem to follow, under the circumstances disclosed by this record, that to the extent that it was foreseeable, plaintiff would have to be found contributorily negligent. Judgment and order affirmed as to defendant Stout, without costs. Judgment and order in respect of defendant Hamilton reversed, on the law and the facts, and complaint dismissed, without costs. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.